## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TANIKKA MICHELE WATFORD CUNNINGHAM | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. ELH-16-1747 |
| | * | |
| BRYANT CUNNINGHAM, | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM

On May 31, 2016, Bryant Cunningham ("Mr. Cunningham"), a self-represented litigant, filed a Notice of Removal to this Court as to Case No. 13-3-01460-3, filed in the Superior Court of Washington for Thurston County.  ECF 1.[1]  The state case concerns divorce and child custody proceedings involving Tanikka Michelle Watford Cunningham ("Ms. Cunningham"), plaintiff, and Mr. Cunningham, defendant.  ECF 2-6.[2]

The parties' divorce decree was signed by a judge in Washington on December 29, 2014. ECF 2 at 4.  Then, on October 16, 2015, a judge in Washington issued an order of protection lodged against Mr. Cunningham.  ECF 4.  A judicial order directing Mr. Cunningham to pay child support followed on October 28, 2015. ECF 5; ECF 6.  It is unclear whether the domestic

---

[1] Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of a defendant's receipt of an initial pleading. When a defendant fails to timely remove a case, the right to remove is forfeited. *See McKinney v. Bd. of Trustees of Mayland Cmty.* Coll., 955 F.2d 924, 925 (4th Cir. 1992). Given the dates of the orders entered in this case, it is likely removal of this matter is untimely.

[2] Mr. Cunningham indicates that he appears in this Court "Under Duress, and by Special Appearance. . . ."  ECF 1 at 1.

case remains active in state court in Washington. *See* http://dw.courts.wa.gov/index.cfm?fa=home.caselist&init&rtlist=case.

In his Notice of Removal, Mr. Cunningham states that the Washington Court has "automatically" been "divest[ed]" of jurisdiction by virtue of the Notice of Removal.  ECF 1 at 2.  He admonishes that "there will be NO more hearings, orders, or any other proceedings" in that court.  ECF 1 at 2.

In addition, Mr. Cunningham has filed a "Motion To Vacate Judgment For Lack of Subject Matter, Venue Jurisdiction And Personal Jurisdiction."  ECF 7, "Motion." In his Motion, Mr. Cunningham asserts that he never "consented and or agreed to be subjected to a foreign state."  ECF 7 at 2 ¶ 2.  He asserts a host of grounds to support his Motion.  *Id.* at 2-3, ¶ 3.  And, he complains that he "was rushed to an alleged judgment order" and "was not allowed to present a defense, was not allowed to confront the accuser, and was told . . . that [he] is prohibited from contacting his natural children . . . which on its face is cruel and unusual."  *Id.* at 3, ¶ 4. Moreover, Mr. Cunningham contends:  "The Judgment was based on racial animus and sexual orientation bias of the Judge and Attorney for [Ms. Cunningham] (both of whom are homosexuals) . . ."  He adds that "it is a known fact that the American Judicial System and Washington State Courts are notorious for their racial animus against Black men . . . ."  *Id.* at 2 ¶ 6.

For reasons to follow, the Court will remand this case to the Superior Court of Washington for Thurston County.

## DISCUSSION

Under the general removal statue, 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be

removed by the defendant or the defendants. . . ." (Emphasis added.) "[J]urisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

"[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

To obtain jurisdiction, a matter pending before this court must present either a federal question arising under the Constitution, laws, or treaties of the United States (28 U.S.C. § 1331), or involve diversity jurisdiction, *i.e.*, a matter between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332. The Notice of Removal invokes both diversity and federal question jurisdiction. ECF 1; ECF 1-1.

A district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Of import here, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010). Pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss

the action" if it determines that the court lacks subject matter jurisdiction.  *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Because "removal jurisdiction raises significant federalism concerns," a court "must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). Therefore, "any doubts should be resolved in favor of state court jurisdiction." *Barbour v. Int'l, Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)).  *See also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

The burden of demonstrating the propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  As the removing party invoking federal jurisdiction, Mr. Cunningham bears the burden of establishing both jurisdiction and the propriety of removal. *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."). As the Court said in *Mulcahey*: "If federal jurisdiction is doubtful, a remand is necessary." *Id.*  When, as here, "a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter."  *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

### 1.  Diversity of the Parties' Jurisdiction

Under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

4

interest and costs, and is between . . . citizens of different States."  With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."  *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Mr. Cunningham alleges that he is a "resident" of Maryland and that Ms. Cunningham is a "citizen" of the State of Washington.  Notably, "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (internal citations omitted). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008).  A U.S. national is a citizen of the state where the person has his or her domicile, which "requires physical presence, coupled with an intent to make the State a home." *Id.*  Moreover, no amount in controversy has been stated.  Therefore, the statutory minima for diversity jurisdiction have not been satisfied.

**2.  Federal Question Jurisdiction**

Section 1331 of Title 28 of the United States Code grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  When a case arises under this provision, it is removable without regard to the citizenship of the parties.  *See* 28 U.S.C. §§ 1441(a)–(b).

Mr. Cunningham removed this action based on federal question jurisdiction, as well as "interstate commerce, a postal matter, civil rights, banking association as a real party in interest,

corporation organized under federal law." ECF 1 at 2. I must assume that such references as "interstate commerce" and a "postal matter," as well as Mr. Cunningham's other assertions, fall under his claim of federal question jurisdiction.

"[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Assoc.,* 477 F.2d 40, 43 (4th Cir. 1973). Therefore, the "complaint must . . . contain allegations 'affirmatively and distinctly' establishing federal grounds[] 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'"[] *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.,* 252 U.S. 388, 397 (1920)). Thus, "the mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Burgess,* 477 F.2d at 42 (citing *Malone v. Gardner,* 62 F.2d 15, 18 (4th Cir. 1932)).

In this case, allegations in the Notice of Removal, as well as the other submissions, are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### 3.  Abstention Doctrines

Further, this case plainly involve issues of family law matters litigated in state court and traditionally reserved to the state court systems; federal courts generally abstain from hearing such matters. *Marshall v. Marshall,* 547 U.S. 293, 308 (2006) (quoting *Ankenbrandt v. Richards,* 504 U.S. 689, 703–04 (1992)); *Cantor v. Cohen,* 442 F.3d 196, 202 (4th Cir. 2006). Domestic relations cases are within the purview of the states because intimate personal issues, highly emotional in nature, frequently considered domestic relations proceedings, are better suited for local courts rather than federal courts.

Of import here, this is not an international child custody case, governed by federal statute or a treaty.   As difficult as this matter may be for Mr. Cunningham, it springs from a conventional state divorce and custody dispute in which he seems to believe that he was not treated fairly.   Domestic relations cases, including child support matters, are generally not heard in federal court, precisely because "State courts . . . have the experience to deal with this specific area of the law."  *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (noting that "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters") (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980)).   Even when there is diversity of citizenship, "diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or determine child custody rights."  *Wasserman v. Wasserman*, 671 F. 2d 832 (4th Cir. 1982); *see Raftery v. Scott*, 756 F. 2d 335, 343 (4th Cir. 1985) (discussing domestic relations exception to federal courts' diversity jurisdiction).   Moreover, if Mr. Cunningham is aggrieved by a decision of a court in Washington, appellate review is generally available.

Additionally, the *Rooker–Feldman* doctrine warrants abstention in this case. *See Rooker* v. *Fidelity Trust Co*., 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983).

The *Rooker-Feldman* doctrine is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).   In other words, the doctrine forbids claims that seek redress for an injury caused by a state-court decision, because such a claim essentially asks "'the federal district court to conduct an appellate review of the state-court decision.'"  *Adkins v. Rumsfeld*, 464 F.3d 456,

464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.* 434 F.3d 712, 719 (4th Cir. 2006)), *cert. denied,* 551 U.S. 1130 (2007).  As the Fourth Circuit has said:  "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burdon, LLP,* 526 Fed. Appx. 231, 235 (4th Cir. 2013) (quoting *Johnson v. De Grandee*, 512 U.S. 997, 1005-06 (1994)).

The doctrine derives from 28 U.S.C. § 1257, a federal statute that vests the United States Supreme Court–and only the United States Supreme Court–with jurisdiction to hear appeals from state court decisions.  *See Adkins*, 464 F.3d at 463-64.  "A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the ]state court's decision by a lower federal court.'" *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (citation omitted).

As indicated, the *Rooker- Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments."  *Lance v. Dennis*, 546 U.S. 459, 463 (2006).  And, it also "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.'" *Washington v. Wilmore,* 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Feldman*, 460 U.S. at 486).

Deciding the issues presented here would require this Court to reconsider or review various state-court decisions in the domestic case, as well as issues "inextricably intertwined" with the matter litigated in the Washington court.  Under the *Rooker- Feldman* abstention

doctrine, Mr. Cunningham may not undertake an end run around the domestic relations decisions rendered by the Washington State court by removing that case to federal court.

### 4.  Declaratory and Injunctive Relief

Declaratory or injunctive relief is rarely available when, as here, "the litigant is using the federal action to relitigate the state court judge's rulings.  In this vein, the United States Supreme Court has generally held that federal district courts lack jurisdiction 'over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'"  *Mathis v. Martin*, AW-13-02597, 2013 WL 5609134, at * 4 (D. Md. Oct. 11, 2013) (quoting *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983)).  Rather, the "proper method of challenging rulings or actions by the state court is . . . by appeal within the state system, and ultimately by petition to the United States Supreme Court." *Shrader v. State Sup. Ct. for W. Va. Through Each of the Five Justices,* 811 F.2d 1505 at *1 (4th Cir. Feb. 5, 1987) (unpub.) (per curiam) (citing *Feldman*, 460 U.S. at 486).

### CONCLUSION

Mr. Cunningham's claims are, at their core, those of a disgruntled litigant who seeks to relitigate his State divorce and custody case in this forum, repackaged as claims of assorted violations of federal rights.  Therefore, the case will be remanded to the Superior Court of Washington for Thurston County.

A separate Order follows.


June 24, 2016                                    _____/s/_____
Date                                             Ellen L. Hollander
                                                 United States District Judge